## Wabash Railroad Company v. Fred S. Meyer, for use, etc.

1. DISCHARGE IN BANKRUPTCY—*when action not defeated by.* A discharge in bankruptcy will not defeat the right of the assignee of the wages of the bankrupt to recover the same where earned and assigned before the discharge.

2. ASSIGNMENT—*when improperly admitted.* The admission of an assignment is improper where it appears that it had been executed in blank and that there was a written power of attorney, not produced, supposed to authorize the filling of such blanks.

3. CONTRACT—*when evidence as to, improper.* Parol evidence as to the terms of a contract is improper where it appears that such contract was represented by a writing.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

Wabash Railroad Co. v. Meyer.

C. N. Travous, for appellant; E. C. Kramer, of counsel.

D. E. Keefe, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This was a suit based upon an assignment of salary claimed to have been made by Fred S. Meyer of St. Louis, Missouri, to the Cooley Credit Company of the same place. The assignment was in writing and was dated May 29, 1903. The writing recited that said Meyer was under continous contract of employment with the Wabash Railroad Company as clerk for the salary of $80 per month, payable on or about the first of each month; that for value received he assigned, sold and transferred to the Cooley Credit Company, all claim, demand and title which he then had or might thereafter acquire against said Wabash Railroad Company, under his said contract of employment, for the month ending May 31, 1903; that he guaranteed he would earn the salary sold and would warrant and defend the title to the same to the Cooley Credit Company, against all claims of other persons; that if he should fail to earn the salary of $80, the assignment and order for warrant and check should continue in full force, until the amount of $80 salary should have been earned. Suit was brought in the name of Fred S. Meyer, for the use of John J. Nelson, doing business under the firm name and style of North American Credit Company.

In the court below there was a judgment in favor of plaintiff for $80, to reverse which the defendant below prosecutes this appeal.

It appeared from the proofs that John J. Nelson at one time did business under the name of the Cooley Credit Company but that in September, 1901, he changed the name to that of the North American Credit Company, continuing however for some time to use the stationery of the Cooley Credit Company; that Nelson had bought the salary

of Meyer a number of times; that the last time he pur-
chased such salary was in December, 1901; that at said
date Meyer, who was then working for the Wabash Railroad
Company at $80 a month, assigned to him his salary for
December, 1901; that at the same time Meyer signed two or
three other assignments of salary in blank and left them
with Nelson. The so-called blank assignments were un-
dated and did not contain the name of the assignor, the
name of the Wabash Railroad Company, the amount of
salary per month, the time when the same was payable or
the month for which the salary was assigned. The claimed
assignment for which this suit was brought was on one of
the blank forms of assignment left with Nelson, but on
May 29, 1903, the blanks were filled in the form so that it
purported to be dated on that day and to be an assignment
of Meyer's salary for May, 1903. It further appeared that
at said time Meyer was still working for appellant and his
salary was $80 a month. On the same date Nelson under
the name of the North American Credit Company, sent a
copy of the assignment to the treasurer of the Wabash Rail-
road Company and notified him that said Company was the
owner of said salary for the month of May, 1903, and de-
manded that appellant pay the same to no other person.
It does not appear that Nelson ever paid Meyer any money
after the transaction mentioned as taking place in Decem-
ber, 1901, when the papers were signed. On February 17,
1902, Fred S. Meyer filed his petition in bankruptcy in
the District Court of the United States for the Eastern
Judicial District of Missouri, and in his schedule of credi-
tors named, among others, the North American Credit
Company. He was adjudged a bankrupt on February 18,
1902.

Appellant contends that as no salary was sold by Meyer
subsequent to December, 1901, the effect of the proceedings
in bankruptcy was to satisfy the debt; that thereafter pro-
ceedings for the recovery of the debt was barred, and ap-
pellee could not then fill out the assignment and collect the
debt by suit. The discharge in bankruptcy was not offered.

in evidence, but even if it had been, we do not think the proceeding in bankruptcy would have barred Nelson of his right to avail himself of the claimed assignment to the same extent that he could have done had there been no such proceedings.

In Pease v. Ritchie, 132 Ill. 638, it is said, "It is no doubt true that appellant's discharge in bankruptcy operated as a bar to any action which might be brought to recover any debt or obligation existing at the time he was declared a bankrupt, and after acquired property was exempted from being taken in satisfaction of any such debts. But if any creditor had a lien or an equitable claim by mortgage or otherwise, upon any property of the bankrupt such right or rights would remain unaffected by the proceedings in bankruptcy."

In Mallin v. Wenham, 209 Ill. 252, it was held that "The only effect of a discharge in bankruptcy is to suspend the right of action for a debt against the debtor personally. It does not annul the original debt or liability of the debtor." In that case appellee assigned his wages to be earned in the future to appellant and afterwards filed his petition in bankruptcy, and obtained his discharge. Subsequently appellant brought suit upon the assignment and the Supreme Court sustained his right of recovery holding that such right was not affected by the proceedings in bankruptcy.

Appellant in his assignment of errors stated, among other things, that the court admitted improper evidence for the plaintiff, over the defendant's objections. Upon the trial Nelson testified that he had the assignments above referred to and a power of attorney authorizing him to fill in any of them. Counsel for appellant objected to the introduction of the assignment upon which the suit was brought in evidence, because it appeared that the authority to fill in the blanks was contained in the written power of attorney and the same was not produced, but the court overruled the objection and exception was taken. Afterwards Nelson in answer to a question by his counsel, said the as-

signments were signed in blank and were talked about at the time Meyer signed them. He was then asked the following question: "At the time they were signed in blank was anything said between you and Meyer as to what you should do about this?" The court overruled appellant's objection to this question, and Nelson thereupon answered that, "The assignments were given in blank with the distinct understanding and knowledge that they were to be filled in for any future salary."

We are of opinion the court erred in its rulings upon the admission of the evidence above referred to. The proofs show that there was a written power of attorney given by Meyer to Nelson, containing the authority to fill in the blanks, which was in the possession of Nelson at the time of the trial. As the power to fill in the blanks was governed by the written power of attorney, it was improper for the court to admit the assignment, filled out as it was, without the production of the written authority to fill in the blanks, so that it might be ascertained whether that authority had been complied with. It was also improper to admit oral evidence as to the arrangement between the two parties at the time the assignment was signed in blank, when it appeared the same was governed by a written agreement in existence, and which, for aught that appears from the evidence, could have been readily produced on the trial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*